Steven J. Moser (SM1133)
MOSER LAW FIRM, P.C.
Three School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150
F (516) 882-5420

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHRISTENE D. GEOGHEGAN,

                Plaintiff,

- *against* -

ROBSCOT REALTY INC. d/b/a BRODY MCKAY'S TAVERN, PETITE REALTY CORP., and ROBERT PETITPAIN,

                Defendants.

**COMPLAINT**

**Case No.**

Plaintiff Christene D. Geoghegan, by the Moser Law Firm, P.C., hereby files this complaint against Robscot Realty Inc. d/b/a Brody McKay's Tavern, Petite Realty Corp., and Robert Petitpain (the "Defendants") and alleges as follows:

## INTRODUCTION

1. This complaint is filed by Plaintiff Christene D. Geoghegan (pronounced *gay-gan*), against Defendants to recover:

    a. Minimum wages due under the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §201 et seq. (29 U.S.C. § 207), and the New York Labor Law (the "NYLL") Article 19, §§ 650 et seq., and the supporting New York State Codes, Rules and Regulations (NYCRR);

    b. Spread of hours pay under 12 NYCRR § 146-1.6;

    c. Unlawful deductions from wages under NYLL § 193(1) and 12 NYCRR § 146-2.7.

-1-

d. Statutory damages for failure to issue wage notices at the time of hiring that comply with NYLL § 195; and

  e. Statutory damages for failure to issue wage statements that comply with NYLL § 195.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since such claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims in this action occurred within the Eastern District of New York.

## PARTIES

*Christene D. Geoghegan*

5. Plaintiff Christene D. Geoghegan is a natural person who resides in Suffolk County, New York.

6. Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

*Robscot Realty, Inc.*

7. Defendant Robscot Realty Inc. ("Robscot Realty") is a domestic corporation formed under the laws of the State of New York.

8. From October 2015 to the present, Robscot Realty has operated a bar and restaurant known as Brody McKay's Tavern.

9. Brody McKay's Tavern is located at 742 Middle Country Road, Selden, New York 11784.

10. From October 2015 to the present, Brody McKay's Tavern has prepared and offered food and beverages to the public on its premises.

11. Upon information and belief During each year from 2015 to the Present, Brody McKay's Tavern had annual gross volume of sales made or business done of $500,000 or more.

12. Defendant Robscot Realty has been engaged in commerce from October 2015 to the present.

*Petite Realty Corp.*

13. Defendant Petite Realty Corp. ("Petite Realty") is a domestic corporation formed under the laws of the State of New York.

14. Defendant Petite Realty owns the building and real property known as 742 Middle Country Road, Selden, New York 11784

*Robert Petitpain*

15. Defendant Robert Petitpain ("Petitpain") is a natural person who resides in Suffolk County, New York.

16. Petitpain has been the President of Robscot Realty during the six-year period preceding the filing of this complaint.

17. Petitpain has been a shareholder of Robscot Realty during the six-year period preceding the filing of this complaint.

18. Upon information and belief, Petitpain has been the sole shareholder of Robscot Realty during the six-year period preceding the filing of this complaint.

19. Petitpain has been the President of Petite Realty during the six-year period preceding the filing of this complaint.

20. Petitpain has been a shareholder of Petite Realty during the six-year period preceding the filing of this complaint.

21. Upon information and belief, Petitpain has been the sole shareholder of Robscot Realty during the six-year period preceding the filing of this complaint.

22. Petitpain was a signatory on the bank account used to pay the Plaintiff.

23. Petitpain had the power to hire and fire the Plaintiff, controlled her work schedule, the conditions of her employment, determined the rate and method of her pay, and maintained records of her employment.

24. Robscot Realty and Petite Realty constitute a single employer because (1) their operations are related, (2) they are commonly managed by Petitpain, (3) commonly owned by Petitpain, and (4) have a common business purpose.

25. Furthermore, upon information and belief, Robscot Realty and Petite Realty constitute a single entity because (1) they are both owned by Petitpain, (2) they are both controlled by Petitpain, (3) Petitpain disregards the corporate entities of the two corporations, (4) there are no arm's length transactions between Robscot Realty and Petite Realty, and (5) Petitpain treats the two entities as a single entity by transferring funds between the entities without fair consideration.

## FACTUAL ALLEGATIONS

26. Plaintiff was employed as a server and bartender by the Defendants from approximately October 2015 until August 2018.

27. Between October 2015 and approximately January 2016, Plaintiff was regularly scheduled to work four days per week.

28. Between approximately January 2016 and June 2, 2018, Plaintiff was regularly scheduled to work three days per week.

29. Between June 2, 2018 and August 22, 2018, the Plaintiff was regularly scheduled to work two days per week.

30. During her employment, Plaintiff's shift was from 10:30 AM to 8:30 PM.

31. The Plaintiff did not have a meal period during her employment.

32. Plaintiff was required to work after 8:30 PM approximately 50% of her workdays. On those days, her spread of hours exceeded 10.

33. Plaintiff never received spread of hours pay during her employment with the Defendants.

34. Throughout her employment, the Defendants paid the Plaintiff for some days "off the books" in cash.

35. Between October 2015 and February 2017, the Plaintiff was paid "shift pay" of $35, whether by check or "off the books" in cash.

36. Between February 2017 and August 22, 2018, the Defendants paid the plaintiff shift pay of $35 in cash "off the books" or $45 by check.

37. The checks issued for the Plaintiff's shift pay between February 2017 and August 22, 2018 have the appearance of compensating the Plaintiff on an hourly basis. However, the

regular rate and the hours listed on the wage statements during this period are artificial and were used as a means of paying the plaintiff $45 in shift pay.

38. During the Plaintiff's employment, the Federal Minimum wage was $7.25 per hour.

39. The minimum wage for restaurant employees in Suffolk County was

    (a) $8.75 in 2015 (12 NYCRR 146.1 (eff. 12/31/2011));

    (b) $9.00 in 2016 (12 NYCRR § 146.1 (eff. 12/31/2011));

    (c) $10.00 in 2017 (12 NYCRR § 146.1 (eff. 12/31/2016)); and

    (d) $11.00 in 2018 (12 NYCRR § 146.1 (eff. 12/31/2016)).

40. During the days in which the Plaintiff was paid $35 for a shift, her hourly rate was at most $3.50 per hour.

41. During the days in which the Plaintiff was paid $45 for a shift, her hourly rate was at most $4.50 per hour.

42. The Defendants had a policy of making deductions from the Plaintiff's wages because of non-payment by a customer, and for cash shortages and losses.

43. The Defendants in fact made deductions from the Plaintiff's wages because of non-payment by a customer, and for cash shortages and losses.

44. For example, on or about May 8, 2018 a customer left Brody McKay's Tavern without paying his bill in full. Defendants refused to pay the Plaintiff any compensation for the day.

45. For example, on or about April 17, 2018 the Plaintiff's cash draw was short. The Defendants refused to pay the Plaintiff any compensation for working this day.

46. The Defendants did not furnish the Plaintiff a wage notice within 10 days of the date she was hired.

47. The Defendants never furnished the Plaintiff with a compliant wage statement in the following ways:

   a. Defendants only furnished wage statements for the wages paid by check.

   b. The wage statements never included wages paid by cash.

   c. The wage statements did not reflect the unlawful deductions from wages.

   d. Between October 2015 and February 2017, the wage statements did not contain the Plaintiff's hourly rate or hours worked. They only reflected $35 in "shift pay".

   e. Beginning in February 2017 the wage statements furnished by the Defendants contained a fictious regular rate and fictitious hours which were designed to compensate the plaintiff for "shift pay" rather than an hourly rate.

## FIRST COUNT

**Minimum Wages under the Fair Labor Standards Act 29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 206 & 216)**

48. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

49. Defendants are each an employer within the meaning of 29 U.S.C. § 203(d).

50. Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

51. Defendants employed the Plaintiff within the meaning of 29 U.S.C. § 203(g).

52. Defendants were required to pay Plaintiff at a rate not less than the minimum wage as prescribed by law.

53. Defendants compensated the Plaintiff less than the minimum wages to which she was entitled.

54. Defendants willfully deprived the Plaintiff of the minimum wage to which she was entitled.

**SECOND COUNT**

**Minimum Wages under Article 19 of the New York Labor Law §§ 650 et seq. and 12 NYCRR § 146-1.2**

55. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

56. Defendants are each an employer within the meaning of NYLL § 2.

57. Plaintiff is an employee within the meaning of NYLL § 2.

58. Plaintiff was employed by the Defendants within the meaning of NYLL § 2.

59. Defendants operated a restaurant within the meaning of 12 NYCRR § 146-3.1.

60. Defendants are required to compensate the Plaintiff at a rate not less than the minimum wage as prescribed by 12 NYCRR § 146-1.2 and NYLL § 652.

61. Defendants failed to compensate the Plaintiff the minimum wages to which she was entitled.

62. Defendants willfully deprived the Plaintiff the minimum wages to which she was entitled.

**THIRD COUNT**

**Unlawful Deductions under NYLL § 193 and 12 NYCRR § 146-2.7**

63. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

64. NYLL § 193(1) and 12 NYCRR § 146-2.7 prohibited the Defendants from making any deductions from Plaintiffs wages except for those permitted by law.

65. Defendants made unlawful deductions from the Plaintiff's wages, including unpaid customer bills and cash register shortages.

66. Defendants willfully violated NYLL § 193 and 12 NYCRR § 146.

## FOURTH COUNT

### Spread of Hours Premium under 12 NYCRR §§ 146-1.6

67. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein

68. Plaintiff was entitled to a spread of hours premium for each workday that the spread of hours exceeded ten.

69. Plaintiff regularly worked a spread of hours that exceeded ten.

70. Defendants failed to pay the Plaintiff spread-of-hours pay.

71. Defendants willfully deprived the Plaintiff spread of hours pay to which she was entitled.

## FIFTH COUNT

### Wage Notice Violations under NYLL § 195 and 198

72. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein

73. NYLL § 195(1)(a) requires an employer furnish to each employee a notice at the time of hiring that contains inter alia, the rate of pay, the regular day on which pay is dispersed, the name of the employer and its contact information, and any allowances taken.

74. Defendants failed to furnish a wage notice to Plaintiff within ten days of the date of hire as required by NYLL § 195.

## SIXTH COUNT

### Wage Statement Violations under NYLL §§ 195 and 198

75. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein

76. NYLL § 195(3) requires an employer furnish a wage statement with every wage payment that lists inter alia, the employee's name, address, and phone number, employer's name, dates covered by the payment, deductions, and net wages.

77. Defendants failed to furnish wage notices with each payment of wages that complied with NYLL § 195.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Minimum wages owed under the FLSA and the NYLL;

B. An amount equal to such minimum wages as liquidated damages under both the FLSA and NYLL;

C. Unpaid spread of hours pay;

D. An amount equal to Spread of Hours Pay as liquidated damages under the NYLL;

E. Reimbursement of unlawful deductions from the Plaintiff's wages under the NYLL, plus liquidated damages under the NYLL;

F. For wage notice violations of NYLL § 195, civil damages in the amount of $50 per work day up to a total of $5,000;

G. For wage statement violations of NYLL § 195, civil damages in the amount of $250 per work day, up to a total of $5,000;

H. Reasonable attorney's fees and costs of the action;

I. Prejudgment interest;

J.  An order pursuant to NYLL § 198(4) providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent; and

K.  Such other relief as this Court shall deem just and proper.

Dated: Glen Cove, New York
December 17, 2018

Moser Law Firm, P.C.

By:  Steven J. Moser
3 School Street, Suite 207 B
Glen Cove, New York 11542
(516) 671-1150
F (516) 882-5420
smoser@moseremploymentlaw.com

TO:  ROBSCOT REALTY INC.
1327 MIDDLE COUNTRY ROAD
CENTEREACH, NY  11720

PETITE REALTY CORP.
C/O FRED M. SCHWARTZ, ESQ.
317 MIDDLE COUNTRY ROAD
SMITHTOWN, NEW YORK, 11787

ROBERT PETITPAIN
57 GEERY AVE
HOLBROOK, NY  11741