UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CHRISTENE D. GEOGHEGAN,

                              Plaintiff,             Case No. 18-cv-07180 (RRM)(AYS)

- *against* -

ROBSCOT REALTY INC. d/b/a BRODY MCKAY'S TAVERN, PETITE REALTY CORP., and ROBERT PETITPAIN

                              Defendants.

## DECLARATION OF STEVEN JOHN MOSER IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE THE DEFAULT AND ENLARGE THE TIME TO ANSWER THE COMPLAINT

I, Steven John Moser, hereby declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the following is true and correct:

1. I represent the Plaintiff Christene D. Geoghegan (pronounced *"Gagan"*).

2. I submit this declaration in opposition to Defendants; Motion to Vacate the Certificate of Default and Enlarge the Defendants' Time to Answer the Complaint.

3. On December 17, 2018 Plaintiff commenced this action to remedy violations of the Fair Labor Standards Act 29 U.S.C. §201 et seq., and the New York Labor Law Article 19, §§ 650 et seq. See ECF Docket Entry No. 1. A copy of the partially marked complaint is annexed hereto as Exhibit 1.

4. The Defendants operate a restaurant and bar - Brody McKay's Tavern. The Plaintiff worked as a server and bartender at Brody McKay's Tavern from October 2015 until August 2018. (Compl. ¶ 26). She was paid $35 by check or $45 in cash for each 10-hour shift. (Compl. ¶¶ 30, 35, 36). She was not paid the applicable minimum wage or spread of hours pay.

1

(Compl. ¶¶ 33, 38-41). The Defendants deducted shortages in the cash drawer from Plaintiff's wages. (Compl. ¶¶ 42, 45).  They also deducted unpaid customer checks from her pay. (Compl. ¶¶ 42, 44).

5.	Before commencement I identified Fred Schwartz, Esq. as the attorney who had represented the Defendants in numerous cases in Suffolk County Supreme Court. These cases include *Petite Realty Corp. v. Shandy Tavern Corp.*, Index No. 604128/2016; *Petite Realty Corp v. Daniel Brausch*, Index No. 001580/1999; *State of New York v. Robert Petitpain*, 009131/1996; *Robert Petitpain v. Paula Curti*, 014433/1997; *George Prodromakis v. Robert Petitpain,* 023465/2002; *Robert Petitpain v. Jessica L. Randazzo,* 009985/2006; *Citimortgage v. Robert Petitpain*, 063535/2014; *Charles Cooke v. Robert Petitpain*, 001340/2016; *JSS 720 Bar Inc. v. Robert Petitpain*, 614175/2016.

6.	On December 17, 2018 I called Fred Schwartz and advised him that Ms. Geoghegan had filed this case.  In an effort to avoid unnecessary expense and delay, I asked Mr. Schwartz if he would accept service of the summons and complaint.  Mr. Schwartz requested that I mail him a summons and complaint along with a waiver of service form.

7.	On December 18, 2018 I mailed copies of the complaint, summonses for all Defendants, a notice of lawsuit waiver of service forms via First Class Mail to Fred Schwartz, Esq.  The mailing was not returned.

8.	On January 17, 2019 I received a letter from Paul M. Dashefsky, an attorney admitted to practice in the Eastern District of New York.  (Previously filed as ECF No. 6-5).  A copy of this letter is annexed hereto as Exhibit 2. Mr. Dashefsky advised that he represented Robert Petitpain as a defendant in this case.

9. Mr. Dashefsky has litigated at least 73 cases in the Eastern District of New York. A copy of a PACER search result in the Eastern District is annexed hereto as Exhibit 3.

10. I called Paul M. Dashefsky on January 22, 2019. We spoke briefly, and Dashefsky confirmed that he represented Mr. Petitpain.

11. As of January 22, 2019, the waiver of service sent to Mr. Schwartz on December 18, 2018 had not yet been returned executed. I forwarded the summonses and the complaint to the process server.

12. On February 4, 2019, Robscot Realty Inc. and Petite Realty Corp. (the "Corporate Defendants") were served with the summons and complaint. Copies of the affidavits of service are annexed hereto as Exhibits 4 and 5, respectively. The Corporate Defendants' answers were due on February 25, 2019. The Corporate Defendants never requested an extension.

13. On February 8, 2019, the process server advised me that he had mistakenly attempted service upon Mr. Petitpain through his attorney, Mr. Dashefsky. Mr. Dashefsky refused to accept the complaint.

14. On March 9, 2019 Robert Petitpain was personally served with the summons and complaint. A copy of the affidavit of service is annexed hereto as Exhibit 6.

15. On March 14, 2019 the Plaintiff requested that the Clerk note the default of the Corporate Defendants. *See* ECF No. 6. The request was served upon the Defendants. The Default was noted by the Clerk of the Court on March 14, 2019. *See* ECF No. 7. A copy of the Clerk's Certificate of Default is annexed hereto as Exhibit 7.

16. Robert Petitpain's answer was due on March 29, 2019. Robert Petitpain's time to answer was not extended.

17. On April 8, 2019 a notice of appearance was filed by Adam C. Weiss, Esq. on behalf of all Defendants. *See* ECF No. 8.

18. On April 9, 2019 I sent an email to Adam C. Weiss as follows:

I'm not sure if you are aware, but you are the third attorney for Mr. Petitpain . . . Considering that before you there were two other attorneys who had an opportunity to timely respond to the complaint, but failed to either seek an extension in good faith or fil[e a] notice of appearance, we cannot consent to vacate the default.

A copy of this email is annexed hereto as Exhibit 8.

19. On April 9, 2019 Mr. Weiss responded "Ok, thanks for the information. We'll proceed accordingly." *See* Exhibit 8.

20. On May 17, 2019 (49 days after Robert Petitpain's time to answer had expired and 82 days after the Corporate Defendants' time to answer had expired), Defendants moved to vacate the default and extend the date to answer the complaint. *See* ECF Nos. 9-12.

21. Annexed hereto as Exhibit 9 are true and accurate copies of documents electronically filed by Petite Realty Corp. in the case of *Petite Realty Corp. v. Shandy Tavern Corp.,* Index No. 604128/2016 (Suffolk County Supreme Court). These documents are available at New York State Courts Electronic Filing Website (https://iapps.courts.state.ny.us/nyscef/), Document Nos. 46-56.

Dated: Glen Cove, New York
June 20, 2019

                                                        */s/ Steven John Moser*
                                                        Steven John Moser