**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
CHRISTENE D. GEOGHEGAN,

                                                    Plaintiff,

                              Case No. 18-CV-07180 (RRM)(AYS)

                        - *against* -

ROBSCOT REALTY INC. d/b/a BRODY MCKAY'S
TAVERN, PETITE REALTY CORP., and ROBERT
PETITPAIN

                                                 Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO VACATE THE CERTIFICATE OF DEFAULT AND TO ENLARGE THE
DEFENDANTS' TIME TO ANSWER THE COMPLAINT**

Steven John Moser
MOSER LAW FIRM, P.C.
3 School Street Suite 207B
Glen Cove, NY 11542
Phone: (516) 671-1150
Fax: (516) 882-5420
smoser@moseremploymentlaw.com
*Attorneys for Plaintiff*

## PROCEDURAL HISTORY

On December 17, 2018 Plaintiff commenced this action to remedy violations of the Fair Labor Standards Act 29 U.S.C. §201 et seq., and the New York Labor Law Article 19, §§ 650 et seq. (ECF No. 1).[1] The Plaintiff worked as a server and bartender at Brody McKay's Tavern from October 2015 until August 2018. (Compl. ¶ 26). She was paid either $35 by check or $45 in cash for a 10-hour shift. (Compl. ¶¶ 30, 35, 36). She was not paid the applicable minimum wage or spread of hours pay. (Compl. ¶¶ 33, 38-41). The Defendants deducted shortages in the cash drawer from Plaintiff's wages. (Compl. ¶¶ 42, 45). They also deducted unpaid customer checks from Plaintiff's wages. (Compl. ¶¶ 42, 44).

Before commencement Plaintiff's counsel Steven J. Moser ("Moser") identified Fred Schwartz, Esq. as the attorney who had represented the Defendants in numerous cases in Suffolk County.[2] On December 17, 2018 Moser called Fred Schwartz and advised him that Ms. Geoghegan had filed this case.[3] In an effort to avoid unnecessary expense and delay, Moser asked Mr. Schwartz if he would accept service of the summons and complaint.[4] Mr. Schwartz requested that Moser mail him a summons and complaint along with a waiver of service form.[5]

---

[1] A copy of a marked Complaint is Annexed to the Declaration of Steven John Moser ("Moser Decl.") as Exhibit 1.
[2] Moser Decl. ¶ 5. These cases include *Petite Realty Corp. v. Shandy Tavern Corp.,* Index No. 604128/2016; *Petite Realty Corp v. Daniel Brausch*, Index No. 001580/1999; *State of New York v. Robert Petitpain,* 009131/1996; *Robert Petitpain v. Paula Curti*, 014433/1997; *George Prodromakis v. Robert Petitpain,* 023465/2002; *Robert Petitpain v. Jessica L. Randazzo*, 009985/2006; *Citimortgage v. Robert Petitpain,* 063535/2014; *Charles Cooke v. Robert Petitpain,* 001340/2016; *JSS 720 Bar Inc. v. Robert Petitpain*, 614175/2016. Two of these cases are still active.
[3] Moser Decl. ¶ 6.
[4] *Id.*
[5] *Id.*

1

On December 18, 2018 Moser sent copies of the complaint, summonses for all defendants, along with a notice of lawsuit and request for waiver of service via First Class Mail to Fred Schwartz, Esq.[6]  The mailing was not returned.[7]

On January 17, 2019 Moser received a letter from Paul M. Dashefsky, an attorney admitted to practice in the Eastern District of New York.[8]  Mr. Dashefsky advised that he represented Robert L. Petitpain as a defendant in this case.[9]  Mr. Dashefsky has litigated at least 73 cases in the Eastern District of New York.[10]

Moser called Paul M. Dashefsky on January 22, 2019.  The two spoke briefly, and Dashefsky confirmed that he represented Mr. Petitpain.[11]

On January 22, 2019, as the waiver of service sent on December 18, 2018 had not yet been returned executed, the summonses and the complaint were forwarded to Plaintiff's process server.[12]

On February 4, 2019, Robscot Realty Inc. and Petite Realty Corp. (the "Corporate Defendants") were served with the summons and complaint.[13]  The Corporate Defendants' answers were due on February 25, 2019.[14]  The Corporate Defendants' time to answer was not extended.[15]

---

[6] Moser Decl. ¶ 7.
[7] *Id.*
[8] Moser Decl. ¶ 8; Exhibit 2.
[9] *Id.*
[10] Moser Decl. ¶ 9.
[11] Moser Decl. ¶ 10.
[12] Moser Decl. ¶ 11.
[13] Moser Decl. ¶ 12.
[14] *Id.*
[15] *Id.*

On February 8, 2019, the process server advised Moser that service of process for Defendant Robert Petitpain had been attempted on Mr. Dashefsky, but Mr. Dashefsky had refused to accept the complaint.[16]

On March 9, 2019 Robert Petitpain was personally served with the summons and complaint.[17]

On March 14, 2019 the Plaintiff requested that the Clerk note the default of the Corporate Defendants.[18] The request was served upon the Defendants.[19] The Default was noted by the Clerk of the Court on March 14, 2019.[20]

Robert Petitpain's answer was due on March 29, 2019.[21] Robert Petitpain's time to answer was never extended.[22]

On April 8, 2019 a notice of appearance was filed by Adam C. Weiss, Esq. on behalf of all Defendants.[23]

On April 9, 2019 Moser sent an email to Adam C. Weiss as follows:

I'm not sure if you are aware, but you are the third attorney for Mr. Petitpain . . . Considering that before you there were two other attorneys who had an opportunity to timely respond to the complaint, but failed to either seek an extension in good faith or fil[e a] notice of appearance, we cannot consent to vacate the default.[24]

On April 9, 2019 Mr. Weiss responded "Ok, thanks for the information. We'll proceed accordingly."[25]

---

[16] Moser Decl. ¶ 13.
[17] Moser Decl. ¶ 14.
[18] Moser Decl. ¶ 15.
[19] *Id.*
[20] *Id.*
[21] Moser Decl. ¶ 16.
[22] *Id.*
[23] Moser Decl. ¶ 17.
[24] Moser Decl. ¶ 18.
[25] Moser Decl. ¶ 19.

On May 17, 2019 (49 days after Robert Petitpain's time to answer had expired and 82 days after the Corporate Defendants' time to answer had expired), Defendants moved to vacate the default and extend the date to answer the complaint.[26] Neither the affidavit of Robert Petitpain nor the Proposed Answer contain factual allegations which, if proven at the time of trial, would constitute a defense in this action.

## ARGUMENT

### I.  LEGAL STANDARD

A Defendant is required to demonstrate "good cause" for setting aside a default. Fed. R. Civ. P. 55(c).

> The Second Circuit has three criteria in determining whether "good cause" exists to relieve a party of default: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is present[.]". . . This same standard applies for leave to serve a late Answer, for if leave were denied the result would be the same as entry of default[.]

*Nelson v. Gleason*, No. 14CV870A, 2016 U.S. Dist. LEXIS 161886, at *6 (W.D.N.Y. Nov. 22, 2016).

Although there is a "strong preference for resolving disputes on the merits," the Second Circuit has explained that "a decision whether to set aside a default is a decision left to the sound discretion of the district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *McLean v. Wayside Outreach Dev., Inc.*, 624 F. App'x 44, 45 (2d Cir. 2015) (internal quotation marks and citations omitted).

The party seeking relief from an entry of default bears the burden of proof. *Aetna Life Ins. Co. v. Licht*, No. 03 Civ. 6764 (PKL) (JCF), 2004 U.S. Dist. LEXIS 21538, 2004 WL

---

[26] Moser Decl. ¶ 20.

4

2389824, at *3 (S.D.N.Y. Oct. 25, 2004) (quoting *In re Martin-Trigona*, 763 F.2d 503, 505 n.2 (2d Cir. 1985)).

## II.   THE DEFENDANTS HAVE NOT MET THEIR BURDEN OF SHOWING A MERITORIOUS DEFENSE THROUGH SPECIFIC FACTS

### A.   Under Second Circuit law, a party seeking to set aside a default based upon a "meritorious defense" must state specific facts which, if accepted as true, would constitute a complete defense at the time of trial.

"It is well-established in this Circuit [] that '[a] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense.'" *Brown v. Gabbidon*, No. 06 Civ. 8148 (HB), 2007 U.S. Dist. LEXIS 35134, at *13-14 (S.D.N.Y. May 14, 2007) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993)).

While conclusory statements in an answer may suffice for a non-defaulting defendant, they are insufficient to justify setting aside a default. *Sony Corp. v. ELM State Elecs., Inc.*, 800 F.2d 317, 320-21 (2d Cir. 1986) (noting that "[o]nce in default, [Defendant] could not present [] a defense by mere conclusory statements."). Instead, "the moving party on a motion to reopen a default must support its general denials with some underlying facts." *Id*. A Defendant, must "articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations." *De Curtis v. Upward Bound Int'l, Inc.*, No. 09 Civ. 5378, 2012 U.S. Dist. LEXIS 143295, at *22 (S.D.N.Y. Sept. 27, 2012). Attempts to establish a meritorious defense by "[a]ffidavits that are no more than sworn conclusory denials [are] insufficient." *Sony Corp.*, 800 F.2d at 320-21.

The test for a meritorious defense "is measured not by whether there is a likelihood that it will carry the day, but whether *the evidence submitted*, if proven at trial, would constitute a complete defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993)(emphasis

5

supplied); *New York v. Green*, No. 01-CV-196A, 2004 U.S. Dist. LEXIS 11624 (W.D.N.Y. June 18, 2004) ("The existence of a meritorious defense is a critical factor because, without a valid defense, there is no point in setting aside the default judgment.")

### B. Defendants have not set forth specific facts which, if proven, would relieve them from employer liability under the FLSA.

Defendants argue that their "defense which asserts that Petite Realty was not the employer of Christene D. Geoghegan" is sufficient reason to vacate the default of all defendants. However, a denial of liability by one defendant (Petite Realty) certainly does not justify vacating a default for other defendants. Furthermore, Petite Realty has not supported any "defense" with specific facts which, if proven, would constitute a complete defense as to that defendant.

The Proposed Answer admits that "Petitpain was a signatory on the bank account used to pay the Plaintiff" and that "Petitpain had the power to hire and fire the Plaintiff, controlled her work schedule, the conditions of her employment, determined the rate and method of her pay, and maintained records of her employment." (*See* Proposed Answer & Compl. ¶¶ 22-23). Petitpain has admitted that he is individually liable. *See Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 128-29 (E.D.N.Y. 2011) (holding allegations that individual had authority over personnel and payroll decisions and authority to hire and fire employees adequate to impose joint and several liability).

However, Defendants' proposed answer denies that "Robscot Realty and Petite Realty constitute a single employer because (1) their operations are related, (2) they are commonly managed by Petitpain, (3) commonly owned by Petitpain, and (4) have a common business purpose." (*See* Proposed Answer & Compl. ¶ 24). They also deny that Petitpain "disregards the corporate entities of the two corporations" and "treats the two entities as a single entity by

6

transferring funds between the [corporations] without fair consideration." (*See* Proposed Answer & Compl. ¶ 24).[27]

Although defendants deny these allegations, they do not "support [their] general denials with [] underlying facts." *Sony Corp.*, 800 F.2d at 320-21. Instead, Petitpain states only that "Geoghegan never *worked* for Petite Realty." (Petitpain Affidavit ¶ 8 (emphasis supplied)). This "conclusory denial[]" is "insufficient" to constitute a meritorious defense on a motion to vacate. *Id.*

Furthermore, the statement that Plaintiff never "worked" for Petite Realty is irrelevant to the determination of single employer liability. Uncontested allegations that various Corporate Defendants "are part of a single integrated enterprise having common ownership and/or management and which formed a single employer . . .[are sufficient] to impose joint and several liability on each of them." *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 685-86 (S.D.N.Y. 2011). The whole idea behind a single enterprise theory is to hold one corporation liable for the actions of a related corporate entity for whom the plaintiff did not "work." *See Morangelli v. Chemed Corp.*, 922 F. Supp. 2d 278, 285 (E.D.N.Y. 2013).

### C. Defendants have not set forth specific facts which, if proven at trial, would constitute a complete defense to the Plaintiff's minimum wages, spread of hours, and unlawful deduction allegations.

Defendants have not submitted any affidavit describing the Plaintiff's work hours, duties, compensation, or defendant's policies regarding the payment of minimum wages, spread of hours pay, or deductions from wages. They have not supported the conclusory denials and defenses contained in the proposed answer with any underlying facts. Instead, Mr. Petitpain

---

[27] Documents filed by Petite Realty in *Petite Realty Corp. v. Shandy Tavern Corp.,* Index No. 604128/2016 (Suffolk County Supreme Court) strongly suggest that money was simply "transferred" between Petite Realty Corp. and Robscot Realty, Inc. *See* Moser Decl. ¶ 21 and Exhibit 9 thereto.

7

states: "I have meritorious defenses to Plaintiff's claims, as set forth in in the Proposed Answer." (Petitpain Affidavit ¶ 23).

As previously noted, a party moving to vacate a default must state *facts* which, if proven at trial, would constitute a complete defense. *See Sony Corp.*, 800 F.2d at 320-21; *Enron Oil Corp.*, 10 F.3d at 98. While Defendants point to *Jaramillo v. Colonial Constr., L.L.C.*, No. 07-cv-2142(SJ), 2008 WL 11438098 (E.D.N.Y. Sept. 16, 2008) for the proposition that a party seeking to set aside a default "need not conclusively establish the validity of a defense but merely that the defense raises a serious question" (*See* Def MOL at 4), they overlook the fact that in *Jaramillo* the moving party submitted detailed affidavits to the Court containing the facts upon which their asserted defenses were based. *See Jaramillo*, at *10. Defendants herein seek simply to interpose an answer containing conclusory denials, claiming that the answer contains "meritorious defenses."

## III. THE DEFENDANT HAS NOT MET ITS BURDEN TO SHOW THAT THE DEFAULT WAS NOT WILFUL

A court may infer that a failure to answer is willful when the moving party does not provide a satisfactory explanation for the default. *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).

In this case the Plaintiff made a good faith attempt to effect service upon the Defendants while avoiding unnecessary expenses. Defendant's attorney, Fred Schwartz, Esq. requested a copy of the summons and complaint with a waiver of service form on December 17, 2018.[28] Defendants failed to return the waiver of service mailed on December 18, 2018.[29] A second

---

[28] Moser Decl. ¶¶ 6, 7, 11.
[29] Moser Decl. ¶ 11.

8

attorney sent a letter of representation on Mr. Petitpain's behalf on January 17, 2019.[30] That attorney refused service.[31]

The Corporate Defendants were served on February 4, 2019 and Robert Petitpain was served on March 9, 2019. Petitpain requests that the defaults be excused because he was "temporarily incapacitated to make sound business decisions" in February and March and that he "regained his cognitive faculties in early April 2019."

As evidence of his incapacity, Petitpain submits a letter from a Physician's Assistant dated March 13, 2019, recommending that Mr. Petitpain not "work[] outside the home" due to the "intermittent and unpredictable nature of many of his symptoms." However, the following information was not furnished:

1. Petitpain does not inform the Court when he first learned that he was a Defendant in this lawsuit;

2. Petitpain does not inform the Court what actions he took after first learning that he was a Defendant in this lawsuit;

3. Petitpain does not inform the court (1) when he was personally served (2) what his mental capacity was when he was served or (3) what actions he took in response to being personally served with the complaint;

4. Corporate Defendants similarly offer no evidence as to (1) when they became aware of this lawsuit (2) when they were served or (3) what actions were taken in response to being served with the complaint;

---

[30] Moser Decl. ¶ 8.
[31] Moser Decl. ¶ 13.

9

5. The letter of the physician's assistant dated March 13, 2019 does not state that Mr. Petitpain had cognitive impairments that prevented him from making sound business decisions.

6. The PA's letter does not describe any symptoms.

7. The PA's letter does not state when Mr. Petitpain began treatment.

8. The PA's letter does not state when Mr. Petitpain's symptoms began.

9. The PA's letter does not state when Mr. Petitpain's treatment ended.

10. The PA's letter does not state when Mr. Petitpain's symptoms ended.

## CONCLUSION

Defendants have the burden of showing excusable neglect. They have not done so.

Defendants also have the burden to produce evidence and facts, which, if proven would constitute a meritorious defense. They have not done so. Therefore, the motion should be denied and Plaintiff should be given leave to file a motion for Default Judgment against all Defendants within 30 days.

Dated: Glen Cove, New York
       June 20, 2019

                                          Respectfully Submitted,

                                          *s/ Steven J. Moser*
                                          Steven John Moser