UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Christene D. Geoghegan
Plaintiff,

VS.

Robscot Realty, Inc et al
Defendant.

Case No.

18-CV-7180
(RRM)(AYS)

ORDER IN FLSA CASE REQUIRING DISCOVERY
AND SETTING INITIAL PRETRIAL SCHEDULE

The Federal Rules of Civil Procedure require a pretrial schedule tailored to the circumstances of each case. Fed. R. Civ. P. 16, 1. The following order implements that requirement for cases based on the Fair Labor Standards Act (FLSA).

The Rule 26(a)(1) provisions on initial disclosures are waived in this case. Instead, the parties must utilize the following discovery protocol and comply with the following deadlines and requirements:

1. By [~~DATE~~] 1/10/20, the parties must serve on each other (but not file) copies of the following:

Plaintiff[1]  The documents in the Plaintiff's possession, custody, or control that pertain to the unpaid wages claimed in the Complaint.

Defendant  1. The time sheets or other time records and payroll records in the Defendant's possession, custody, or control that pertain to work the Plaintiff performed during the period for which the Plaintiff claims unpaid wages.

2. Any written statement of policy, workplace rules, or handbook setting out the policies and practices on compensating workers performing the relevant type of work.

---

[1] If there is more than one Plaintiff or Defendant, the singular reference to the Plaintiff or Defendant includes the plural.

2. By [~~Date, 2 weeks later~~] 1/24/20, the Plaintiff must answer the Court's Interrogatories attached to this Order, under oath or penalty of perjury and serve a copy on the Defendant.

3. In collective actions, the exchange of documents in Paragraph 1 will occur for the named Plaintiffs and for the opt-in Plaintiffs who join the action before a court-approved opt-in notice is issued. This document exchange will occur within 21 days after the opt-in notices are filed with the Court. Each opt-in Plaintiff will file and serve his or her respective answers to the Court's Interrogatories within an additional 21 days.

4. By [~~DATE, 30 days~~] 2/24/20 after the Plaintiff serves answers to the Court's Interrogatories, counsel for the Plaintiff and the Defendant must meet and confer in person in good-faith effort to settle all pending issues, including attorneys' fees and costs.[2] The parties, including a representative of each corporate party with full authority, will at a minimum, be available by telephone during the conference to consider and approve any settlement.

5. By [~~DATE~~] 3/2/20, within 7 days after the conference referenced above, counsel must jointly file a Report Regarding Settlement that notifies the Court: (1) whether the parties have reached an agreement in principle to settle the case and will be submitting that agreement to the Court for review and approval; (2) whether the parties have not settled the case but want to continue settlement discussions with each other for a specific period, not to exceed two weeks; (3) whether the parties have agreed to an outside mediation and have chosen a specific mediator on or before a specific date; (4) whether, in lieu of outside mediation, the parties request a settlement conference before this Court who, on the parties' consent, will have the authority to approve the settlement; or (5) whether the parties have exhausted settlement efforts, have held

---

[2] In the case of an individual party who is not represented by counsel, the individual must comply with the provisions of this Order.

the required Rule 26(f) conference, and are filing a Joint Discovery Planning Report.

6. Until the parties file the Discovery Planning Report, all discovery in this case is STAYED, except as provided in this Order.

7. In the event no settlement is reached under these procedures, and this Court later grants a motion permitting notice to be sent to similarly situated individuals advising them of their right to opt-in, the limitations period for any person receiving notice will be tolled from the date of this Order until the parties file their Rule 26(f) Discovery Planning Report lifting the stay on these proceedings.

8. If the parties settle at a later time, they must immediately advise the Court and promptly submit a joint motion to approve the settlement.

9. Due to the volume of cases based on the FLSA, the Court expects strict adherence to these deadlines and requirements. Exceptions will be granted only for compelling reasons.

10. The parties may move to alter this schedule for good cause. Any such request shall only be made after the parties confer, and shall be made by joint letter request filed via this Court's ECF system.

Dated: Central Islip, New York

Dec 10, 2019

ANNE Y. SHIELDS
United States Magistrate Judge

Counsel of Record
Unrepresented Party

1. During what period of time did you work for the Defendant?

2. Who was your immediate supervisor?

3. Did you have a regularly scheduled work period? If so, specify.

4. What was your title or position? Briefly describe your job duties.

5. What was your regular rate of pay?

6. What is the nature of your claim (check all that apply)?

    \_\_\_\_ Off the clock work (Defendant failed to record, or prohibited you from recording, all of your working time;

    \_\_\_\_ Misclassification (Defendant mistakenly classified you as exempt from overtime);

    \_\_\_\_ Misclassification (Defendant failed to correctly calculate your compensation);

    \_\_\_\_ Other (Please describe);

7. Provide an accounting of your claim,

    including: (a) dates

    (b) regular hours worked

    (c) over-time hours worked

    (d) pay received versus pay claimed

    (e) total amount claimed

8. If you have brought this case as a collective action:

    (a) Describe the class of employees you seek to include in this action.

    (b) Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified himself or herself as a person who wishes to join this action?

9. Please specify all attorney's fees and costs incurred to date. With respect to attorney's fees, please provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

10. When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

11. Was this complaint written or oral? (If a written complaint, please attach a copy).

12. What was your employer's response? (If a written response, please attach a copy).

STATE OF _____ COUNTY OF _____

BEFORE ME, the undersigned authority, on this day, personally appeared Plaintiff Name, who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

SWORN TO AND SUBSCRIBED before me on this ____ day of _____, _____.

NOTARY PUBLIC

NOTARY STAMP

Signature of Person Taking Acknowledgement
Print Name:
Title Notary Public
Serial No. (if any):
Commission Expires: