

**MOSER LAW FIRM, P.C.**

Steven J. Moser, Esq.
Phone 631-759-4054
smoser@moseremploymentlaw.com

January 28, 2021

VIA ECF

Hon. Anne Y. Shields, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

Re:     *Geoghegan v. Robscot Realty, Inc.*, 18-cv-07180

Dear Judge Shields:

I represent the Plaintiff in the above referenced case.  Please accept this letter motion to strike, or in the alternative, invalidate the Defendants' Offer of Judgment dated August 18, 2020.

## PROCEDURAL HISTORY

This case was commenced on December 17, 2018 (DE 1).  On April 8, 2019 Adam C. Weiss, Esq. filed a notice of appearance on behalf of all Defendants (DE 8).  There was never an agreement among counsel to accept service by email under FRCP 5.

On August 18, 2020 counsel for the Defendants served, by email only, an offer of judgment, a copy of which (along with the email) is annexed hereto Exhibit 1.  On November 11, 2020, after Mr. Weiss sent an email enclosing discovery requests and noting that he did not plan on serving hard copies unless specifically requested.  In response, I sent an email to Mr. Weiss as follows:

> *I accept service of Defendant's discovery demands via email.  No hard copies are necessary.  However, as you are aware, an "offer of judgment" "must be served on every party" pursuant to FRCP 5.  Rule 5 does not permit service of an offer of judgment by electronic means unless the "person [so served] consented [] in writing" to electronic service.  My office has not consented to service of an offer of judgment by electronic means.*
>
> *It has come to my attention that on August 18, 2020 you attempted to serve an offer of judgment via email only.  To the extent that defendant intends on relying upon the offer of judgment to cut-off Plaintiff's entitlement to attorney's fees, I request that the offer be served in accordance with Rule 5.*

On the same day Mr. Weiss responded via email as follows:

*I understand your position and respectfully disagree. I guess we will litigate that later, if necessary.*

A copy of this email chain is annexed hereto as Exhibit 2.

Since November 11, 2020, the Defendants have taken the position that service by email of the offer of judgment was valid, but the issue would be litigated in the future.

**The Court has the authority to strike or invalidate an offer of judgment.** Because of the significant effect of a Rule 68 offer on the landscape of a case, numerous courts have stricken or invalidated offers of judgment early in litigation. *Lafollette v. Liberty Mut. Fire Ins. Co.*, No. 2:14-CV-04147-NKL, 2015 U.S. Dist. LEXIS 2283, at *7 (W.D. Mo. Jan. 9, 2015) (granting motion to strike offer of judgment); *Prater v. Medicredit, Inc.*, 301 F.R.D. 398, No. 4:14CV159 NCC, 2014 WL 3973863, at *3 (E.D. Mo. Aug. 14, 2014) (granting plaintiff's motion to strike); *March v. Medicredit, Inc.*, No. 4:13CV1210 TIA, 2013 U.S. Dist. LEXIS 171126, 2013 WL 6265070, at *3 (E.D. Mo. Dec. 4, 2013) (granting plaintiff's motion to strike); *Mertz v. Lindell Bank & Tr. Co.*, No. 4:10CV2098 HEA, 2012 U.S. Dist. LEXIS 44835, 2012 WL 1080824, at *1 (E.D. Mo. Mar. 30, 2012) (striking offer of judgment); *Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330, 336 (D. Minn. 2011) (striking offer of judgment); *Hornicek v. Cardworks Servicing, L.L.C.*, CIVIL ACTION NO. 10-CV-3631, 2011 U.S. Dist. LEXIS 42091, at *2 (E.D. Pa. Mar. 17, 2011) (striking offer of judgment); *Boles v. Moss Codilis, L.L.P.*, Civil Action No. SA-10-CV-1003-XR, 2011 U.S. Dist. LEXIS 104466, at *10-11 (W.D. Tex. Sept. 15, 2011) (striking offer of judgment); *Lamberson v. Fin. Crimes Servs., L.L.C.*, Civil No. 11-98 (RHK/JJG), 2011 U.S. Dist. LEXIS 56614, at *10-11 (D. Minn. Apr. 13, 2011) (observing that "[w]hether an offer of judgment can be stricken, or simply declared ineffective, is the sort of technicality that elevates form over substance."); *Smith v. NCO Fin. Sys.*, 257 F.R.D. 429, 434 (E.D. Pa. 2009) (striking offer of judgment); *Seaman v. Focus on Renewal - Sto-Rox Neighborhood Corp.*, Civil Action No. 05-1014, 2007 U.S. Dist. LEXIS 4339, at *1 (W.D. Pa. Jan. 22, 2007) (granting plaintiff's motion to invalidate offer of judgment); *Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400, 401 (E.D. Pa. 2006) (striking offer of judgment); *McDowall v. Cogan*, 216 F.R.D. 46, 52 (E.D.N.Y. 2003) (declaring offer of judgment of "no legal significance").

**A motion to void or invalidate an offer of judgment is a non-dispositive motion which is appropriate for resolution by a Magistrate Judge.** *Seaman v. Focus on Renewal*, Civil Action No. 05-1014, 2007 U.S. Dist. LEXIS 4339, at *1 n.1 (W.D. Pa. Jan. 22, 2007)(a Magistrate "possesses the authority to rule on the Plaintiff's request [to invalidate the offer of judgment] as a non-dispositive motion; *Davis v. Gulf State Credit,* 2000 U.S. Dist. LEXIS 22442, 2000 WL 33955880, *1 (D. Minn. Nov. 22, 2000) (motion to strike Rule 68 offer of judgment was susceptible to resolution by magistrate as "[a] nondispositive pretrial matter[]"); *Fair Hous. Advocates Assoc. v. Terrace Plaza Apts.,* 2006 U.S. Dist. LEXIS 55600, 2006 WL 2334851, *6-7 (S.D. Oh. Aug. 10, 2006) (implicitly recognizing same).

**Offers of Judgment must be served in compliance with Rule 5(b).** In cases involving FRCP 68 settlement offers, service of process must comply with FRCP 5(b). *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 96 (9th Cir. 1996); *EEOC v. Am. Fed'n OF STATE, Cty. & Mun. EMPLES.*, 94-CV-1022, 1996 U.S. Dist. LEXIS 17536, at *15 n.6 (N.D.N.Y. Nov. 12, 1996)("Rule 68 expressly requires that an offer of judgment be served upon the plaintiff").

**Service by email of an offer of judgment under Rule 68 is void.** *See Ortiz-Moss v. N.Y. City DOT*, 623 F. Supp. 2d 404, 70 (S.D.N.Y. 2008) (holding that consent to service by electronic means must have been specifically agreed to in writing, under Fed. R. Civ. P. 5(b)(2)(E), and could not have been implied from past conduct, and without this written consent, attempted email service under Rule 68 was void); *Salley v. Bd. of Governors, Univ. of N.C.*, 136 F.R.D. 417, 419-20 (M.D.N.C. 1991)( "[T]he courts require strict and exacting compliance with Rule 5(b) for service by mail.).

As noted by the Second Circuit,

> Rule 5(b)(2)(E), [. . .] authorizes electronic service only where an adversary "consent[s] in writing." [Plaintiff] argues that such consent can be implied here from the parties' "pattern and practice of communicating by e-mail [.]"  The argument fails because the plain language of Rule 5 requires the recipient of electronic service to have "consented in writing," which was not done here. Further, the advisory committee notes to the Rule explain that the requisite consent "must be express, and cannot be implied from conduct." Fed. R. Civ. P. 5 advisory committee's note to 2001 amendment.

*Martin v. Deutsche Bank Secs. Inc.*, 676 F. App'x 27, 29 (2d Cir. 2017)

**Conclusion.**  Because the Offer of Judgment was never "served" under Rule 5, Plaintiff requests that the offer be stricken, or in the alternative, be declared void.

Respectfully submitted,

*/s  Steven J. Moser*
Steven J. Moser