# THE LAW FIRM OF
# ADAM C. WEISS, PLLC

3 SCHOOL STREET, STE. 303
GLEN COVE, NEW YORK 11542

45-18 COURT SQUARE, STE 400
LONG ISLAND CITY, NEW YORK 11101

TELEPHONE: (646) 489-0059
FACSIMILE:    (516) 759-2556
adam@acweisslaw.com
www.acweisslaw.com

February 5, 2021

**VIA ECF**

Magistrate Judge Anne Y. Shields
100 Federal Plaza
P.O. Box 830
Central Islip, New York 11722

  Re:  Geoghegan v. Robscot Realty, et al.
    Docket No.: 18-CV-7180 (RRM)(AYS)

Your Honor:

  This firm represents the Defendants in the above referenced action. I am writing in opposition to the letter motion filed by Plaintiff on January 28, 2021 that was converted by this Court to a request for a pre-motion conference on February 3, 2021. By the instant application, Plaintiff moves to strike or invalidate Defendants' Offer of Judgment served upon Plaintiff on August 18, 2020 via email. For the reasons set forth below, Plaintiff's motion should be denied in its entirety.

  First, Plaintiff's motion should be denied because the issue is not ripe for this Court's review. The purpose of the ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements. . . ." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967), overruled on other grounds by *Califano v. Sanders*, 430 U.S. 99, 105, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977). District courts have found that rejection of a Rule 68 offer, as in the case at bar, may not be reviewed by courts prior to a request for costs. Indeed, Rule 68(b) states that "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs[.]" This language has prompted a few courts to find that a motion to strike a Rule 68 offer prior to the offer's submission to the court is not ripe for review and improperly requests an advisory opinion. *See Buechler v. Keyco, Inc.*, Civ. 2010 U.S. Dist. LEXIS 40197, at *12-13 (D. Md. April 22, 2010) and *Bryant v. Bonded Accounts Servs.*, Civ No. 00-1072, 2000 U.S. Dist. LEXIS 22309, at *13-14 (D. Minn. Aug. 2, 2000).

  A few courts, including at least one court in this Circuit, looked to the language of Rule 12(f), which permits striking matters from pleadings, and determined that "there is nothing to

Case 2:18-cv-07180-DG-AYS   Document 29   Filed 02/05/21   Page 2 of 4 PageID #: 292

THE LAW FIRM OF
ADAM C. WEISS, PLLC

Judge Shields Ltr
February 5, 2021
Page 2 of 4

strike here, as an offer of judgment is not filed with the court until accepted or until offered by a defeated party to prove costs." *McDowell v. Cogan*, 216 F.R.D. 46, 52 (E.D.N.Y. 2003); *see also Hrivnak v. NCO Portfolio Mgmt, Inc.*, 723 F. Supp. 2d 1020, 1029 (N.D. Ohio 2010). Further commentary on the issue states that there is nothing to strike here, as an offer of judgment is not filed with the court until accepted or until offered by a deferred party to prove costs. 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3002 (2d ed.1997).

That is precisely the case here where Defendants served their Rule 68 Offer via email on August 18, 2020 and although Plaintiff concedes that they received the Offer, they never accepted it.  Therefore, Plaintiff's opportunity to accept it expired in accordance with the Rule.  The Offer has never been filed with the Court.  It will not have any legal significance until or unless the case proceeds to trial and/or a judgment is obtained by Plaintiff less than the value of the Offer at which time Defendants may make an application for their costs to be borne by Plaintiff.   Therefore, because the instant application is not ripe for adjudication, it must be denied.

Defendants' argument is further bolstered by an examination of the caselaw cited by Plaintiff under the heading of "The Court has the authority to strike or invalidate an offer of judgment" on page 2 of Plaintiff's letter motion.  All but one[1] of the cases in the massive string citation employed by Plaintiff arises under identical circumstances to each other which have significantly different facts and procedural posture to the case at bar.  First, all of those cases cited was either a collective or purported class action where the defendant served a Rule 68 Offer prior to class certification in an attempt to "pick off" the named plaintiff and moot the entire case.  That is not the situation here.  This is a single plaintiff case and not a collective or purported class action.  A copy of the Complaint is annexed as Exhibit "A" hereto.

Second, all those decisions cited by Plaintiff were rendered in the context of a motion to dismiss by a defendant, which again sought to moot the entire case on the basis of an unaccepted Rule 68 Offer.  Here, Defendants have not filed, nor do they intend to file, a motion to dismiss based on the expired Rule 68 Offer.  Rather, Defendants served their Rule 68 Offer about an hour after a failed court-ordered mediation in order to protect themselves and potentially recover their costs should the case go to trial.  These factual and procedural differences render the case law relied upon by Plaintiff inapplicable to the instant motion and mandate that Plaintiff's motion be denied.

Assuming only *arguendo* that Plaintiff could overcome the ripeness, procedural and facts issues articulated above (which it cannot do), Plaintiff fares no better in their argument that Defendants' Offer of Judgment was not served properly.  It is submitted at the outset that this argument by Plaintiff is rather disingenuous given the fact that the parties have been almost

---

[1] The Court in *Seaman v. Focus on Renewal – Sto-Rox Neighborhood Corp.*, 2007 Dist. LEXIS 4339 (W.D. Pa. Jan. 22, 2007) invalidated the Rule 68 Offer in question because it not unconditional and also sought to have the plaintiff waive claims that were not alleged in the underlying lawsuit.  Because none of these facts are present, *Seaman* has no applicability here.

exclusively communicating and serving documents in this matter via electronic means. Indeed, a cursory review of this firm's electronic inbox, sent items' box and deleted messages boxes unearthed more than 50 emails back and forth between Defendants' counsel and Plaintiff's counsel between April 5, 2019 and the present. These email exchanges include but are not limited to settlement discussions, procedural and scheduling matters, service of pleadings (i.e. Defendants' Answer), discovery requests/responses and all the motion papers served and filed in connection with a prior motion Defendants filed to vacate a default judgment entered in Plaintiff's favor early in the case. At no time prior to November 11, 2020 (almost <u>three months after</u> Defendants served their Rule 68 Offer) did Plaintiff ever raise any objection to service via email. This firm also searched the physical file of this matter and found that Plaintiff has <u>never</u> send a hard copy of any of the documents exchanged between the parties throughout the course of this litigation. In sum, each and every communication exchanged between the parties in this case has been through electronic means, including most of 2020 when all litigants have been heavily relying on electronic and virtual communication throughout the COVID-19 pandemic. Therefore, it is a stretch (to say the least) that Plaintiff never consented to email as an acceptable method of service.

Turning to the cases cited by Plaintiff on this issue, Plaintiff again fares poorly. The *Magnuson* case involved an untimely offer purportedly served by FedEx that was only decided after trial and the *EEOC* case again was only decided after a final judgment had been entered granting summary judgment in favor the defendant. The *Ortiz-Moss* case has a bizarre fact pattern where a plaintiff verbally attempted to accept a Rule 68 Offer and then when summary judgment was granted in favor of the defendant attempted to personally serve the defendant's counsel at his office after hours. In addition, the defendant's counsel's letterhead in the *Ortiz-Moss* case had a broad written disclaimer in it that said that they did not accept fax or email for service. It is rather ironic here that Plaintiff's letter motion at issue to the Court contains his email address as part of Plaintiff's firm's letterhead without any accompanying disclaimer. Defendants have additional letters from Plaintiff's counsel with the identical letterhead including his email address from long before Defendants served their Rule 68 Offer via email. One such example is annexed as Exhibit "B". Next, the *Salley* case is inapposite as it deals with an alleged fax transmission of discovery requests, which are not at issue here. Finally, the *Martin* case (a summary order with no precedential effect) dealt with timeliness of service of an arbitration petition where the plaintiff's argument on service was rejected as it was first raised on appeal.

In addition to all the above, fairness and equity also dictate a resolution of this motion in Defendants' favor. The reason Plaintiff is trying to invalidate the Rule 68 Offer at issue is because they apparently had second thoughts about not accepting it back in August 2020. Now, after incurring several months of additional legal expenses, Plaintiff wants Defendants to have to re-serve the Offer, which will be more valuable to Plaintiff and her counsel as it will result in a much larger attorneys' fees award. This would result in substantial prejudice to Defendants, a small Suffolk County "dive" bar, barely surviving in a hospitality industry that has been decimated by the pandemic.

      For all these reasons, Plaintiff's motion to strike/invalidate should be denied.

                                            Respectfully submitted,

                                            Adam C. Weiss

cc:     Steven Moser, Esq.