UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Christene Geoghegan | )<br>)<br>) |
| Plaintiff(s), | )<br>) |
| -against- | ) **Case No. 18-CV-7180 (AYS)**<br>) |
| Robscot Realty Inc. d/b/a Brody McKay's Tavern, Petite Realty Corp., and Robert Petitpain, | )<br>)<br>) |
| Defendant(s). | )<br>) |

## DECLARATION OF STEVEN J. MOSER IN SUPPORT OF REQUEST TO ENTER JUDGMENT BY CONFESSION PURSUANT TO CPLR § 3218

Steven J. Moser, being duly sworn, affirms the following under the penalties of perjury:

1. I am admitted to practice before this Court.

2. I am the attorney for the Plaintiff(s) Christene Geoghegan.

3. I submit this affirmation in support of Plaintiff's Request to Enter Judgment by Confession against Robscot Realty Inc. d/b/a Brody McKay's Tavern, Petite Realty Corp., and Robert Petitpain pursuant to CPLR § 3218. A proposed judgment is annexed hereto as Exhibit 4.

4. On December 17, 2018, Plaintiff Christene Geoghegan commenced an action in the United States District Court for the Eastern District of New York, titled *Geoghegan v. Robscot Realty Inc.*, and assigned Case No. 2:18-cv-07180 ("the wage action").

5. The wage action was settled on or about December 30, 2021. A copy of the settlement agreement executed by the parties in the wage action is annexed hereto as Exhibit 1. Pursuant to the terms of the settlement of the wage action, the Defendants Robscot Realty Inc. d/b/a Brody McKay's Tavern, Petite Realty Corp., and Robert Petitpain, agreed to pay the sum of $18,000.00 to "Moser Law Firm, PC, as Attorney for Plaintiff" as follows:

1

    a. A first installment of $9,000.00 within 14 days after the Court's approval of the settlement agreement;[1]

    b. Monthly installments in the amount of $750.00 due on the first day of each month following the first installment until the .[2]

6. Contemporaneously with the signing of the settlement agreement the Defendants Robscot Realty Inc. d/b/a Brody McKay's Tavern, Petite Realty Corp., and Robert Petitpain, executed an affidavit of confession of judgment. A copy of the affidavit of confession of judgment was annexed to the settlement agreement as Exhibit "B". The settlement agreement explicitly provided that "the Court shall retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment in the event of Defendants' failure to adhere to the payment schedule by a breach and failure to cure as described below." The agreement was so-ordered by the Court prior to dismissal. *See* Exhibit 2 (Docket Order).

7. The settlement agreement provided that in the event the settlement payments were not made, the Plaintiff would be permitted to file the affidavit of confession of judgment and thereby obtain a judgment against Defendants. *See* Settlement Agreement § 2(b).

8. By docket order dated December 30, 2021, the United States District Court for the Eastern District of New York approved *and So-Ordered the settlement.* *See* Exhibit 2. The settlement payments were due as follows:

    a. January 13, 2022: $9,000.00;

    b. February 1, 2022: $750.00;

    c. March 1, 2022: $750.00;

    d. April 1, 2022: $750.00;

---

[1] *See* Settlement Agreement § 1(a).
[2] *See* Settlement Agreement § 1(b).

    e. May 1, 2022: $750.00;

    f. June 1, 2022: $750.00;

    g. July 1, 2022: $750.00;

    h. August 1, 2022: $750.00;

    i. September 1, 2022: $750.00;

    j. October 1, 2022: $750.00;

    k. November 1, 2022: $750.00;

    l. December 1, 2022: $750.00;

    m. January 1, 2023: $750.00;

9. Paragraph 2(b) of the settlement agreement states as follows:

In the event that the Settlement Amount is not paid by the payment date set forth in paragraph 1 above, or fails to clear (i.e., bounces) on its respective payment date, Plaintiff shall serve a written notice ("Default Notice") upon counsel for the Defendants by electronic mail, and the Defendants shall have ten (10) days from the date of receipt of the Default Notice to cure the default by making such payment. Upon Defendants' failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiff may immediately notify the Court of Defendants' breach and failure to cure, and the parties agree that in such an event, any and all remaining installments shall be immediately clue and owing as set forth in the Confession of Judgment annexed hereto as Exhibit B. The Confession of Judgment may only be filed by Plaintiff upon Defendants' default as set forth above and failure to cure upon service of the Default Notice.

10. All conditions for entry of judgment have been met.

    a. On September 17, 2024, a review of the file indicated that no payments had been made.

    b. On September 17, 2024 Plaintiff served a default notice upon counsel for the Defendants by electronic mail. A copy of this Default Notice is annexed hereto as Exhibit 3.

    c. Adam Weiss, counsel for the Defendants, *confirmed receipt of the default notice.*

    d. More than 10 days have elapsed since the delivery of the Default Notice and Defendants have failed to cure the default.

11. Both NY Labor Law §§ 663(4) and 198(4) contain mandatory language increasing the amount of any judgment if it remains unpaid. These statutes specifically state:

> Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.

12. The post-judgment interest contemplated by NYLL §§ 198(4) and 663(4) "is mandatory" and "does not permit the Court to defer its application." *Yaoxing Xu v. Mapo Tofu Food Corp.*, No. 1:17-cv-09087-GHW, 2019 WL 13221436, at *3 (S.D.N.Y. Aug. 1, 2019); *see also Bozdogan v. 23 Ludlam Fuel, Inc.*, No. 16-CV-1053 (JMW), 2022 WL 4273851, at *10 (E.D.N.Y. Sept. 15, 2022); *Estrada v. Giovanni's Italian Eatery, Inc.*, No. 16 Civ. 6162 (PGG) (GWG), 2020 WL 4917179, at *6 (S.D.N.Y. Aug. 20, 2020); *Hernandez v. Jrpac Inc.*, No. 14-CV-4176, 2016 WL 3248493, at *36 (S.D.N.Y. June 9, 2016) (collecting cases awarding 15% increase pursuant to NYLL § 663(4)).

13. Both NYLL §§ 198(4) and 663(4) contain a provision stating that an employee "shall have the right to collect attorney's fees and costs incurred in enforcing any court judgment."

14. This court has the power and authority to enter a judgment.

> "Judgment by confession is a product of state law, having no analog in the federal rules." *Xerox Corp. v. W. Coast Litho*, 251 F. Supp. 3d 534, 537 (W.D.N.Y. 2017) (quoting *FDIC v. Deglau*, 207 F.3d 153, 159 (3d Cir. 2000)); *see also Mendoza v. LGRC Corp.*, No. 19-CV-8479 (BCM), 2020 U.S. Dist. LEXIS 72307, 2020 WL 1974210, at *2 (S.D.N.Y. Apr. 24, 2020) (noting that confessions of judgment are "governed by state law and can be filed in state court"); N.Y. C.P.L.R. § 3218 (describing procedure for entry of judgment by confession). Nevertheless, "[a] federal court has the power and authority to enter a judgment pursuant to a confession of judgment as long as subject-matter jurisdiction exists and the confession of judgment was voluntarily, knowingly and intelligently made." *Xerox Corp.*, 251 F. Supp. 3d at 538 (collecting cases).

4

*Villa v. Car Magic Auto Repair, Inc.,* No. 18 CV 489 (RML), 2020 U.S. Dist. LEXIS 132618, at *3-4 (E.D.N.Y. July 27, 2020).

15.     As the settlement agreement was So-Ordered prior to dismissal, this Court has retained jurisdiction. *See Hendrickson v. United States,* 791 F.3d 354, 360 (2d Cir. 2015)(distinguishing cases like this from those in which a court so-orders a settlement *after* dismissal, because the dismissal divests the Court of the authority to "so-order" the settlement.).

16.     No previous application for the relief herein prayed for has been made.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Robscot Realty Inc. d/b/a Brody McKay's Tavern, Petite Realty Corp., and Robert Petitpain, jointly and severally in the form annexed hereto as Exhibit 4.

Dated: Huntington, New York
       September 30, 2024

*Steven J. Moser*
Steven J. Moser