UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE D. GEOGHEGAN, *Plaintiff*, -against- ROBSCOT REALTY INC. d/b/a BRODY McKAY'S TAVERN, PETITE REALTY CORP., and ROBERT PETITPAIN, *Defendants*. | Docket No.: 18-CV-7180 (RRM)(AYS) SETTLEMENT AGREEMENT AND RELEASE |

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiff, CHRISTINE D. GEOGHEGAN ("Plaintiff") on the one hand and ROBSCOT REALTY INC. d/b/a BRODY McKAY'S TAVERN, PETITE REALTY CORP., and ROBERT PETITPAIN ("Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that she worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No 18-cv-7180 (RRM)(AYS) (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws against Defendants;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws;

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation; and

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of Plaintiff's claims and potential claims against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Eighteen Thousand Dollars ($18,000.00) (the "Settlement Amount") to be paid to Plaintiff or her agents or attorneys in THIRTEEN (13) installments. The Plaintiff's share, counsel fees, and costs, is as follows:   Plaintiff $9,030.00 and Plaintiff's counsel $8,970.00 ($8,000 in attorney's fees and $970.00 in out of pocket costs.) The payments shall be made payable to "Moser Law Firm, P.C.,

1

as Attorney for Plaintiff". An IRS Form 1099 will be issued to the Moser Law Firm, P.C. for these payments.

(a) Installment One: Nine Thousand Dollars ($9,000.00) by check made payable to " Moser Law Firm, P.C. as Attorney for Plaintiff" and delivered to Plaintiff's counsel for deposit no later than fourteen (14) days after the Court's approval of this agreement.

(b) Installments Two to Thirteen: Checks in the amount of Seven Hundred and Fifty Dollars ($750.000) made payable to " Moser Law Firm, P.C., as Attorney for Plaintiff" and delivered to Plaintiff's counsel on the first day of each month following the Installment One payment. In the event that restaurants in Suffolk County are not permitted to be open with at least 50% capacity as of the time that Installment payments Eight to Thirteen become due, then those payments shall be paused and resume only after such capacity is permitted.

(a) All payments set forth above shall be delivered to Moser Law Firm, P.C., 5 East Main Street, Huntington, New York 11743.

2(a). The Court shall dismiss the Litigation, with prejudice, in the form set forth in Exhibit A to this Agreement; however the Court shall retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment in the event of Defendants failure to adhere to the payment schedule by a breach and failure to cure as described below.

2(b). In the event that the Settlement Amount is not paid by the payment date set forth in paragraph 1 above, or fails to clear (i.e., bounces) on its respective payment date, Plaintiff shall serve a written notice ("Default Notice") upon counsel for the Defendants by electronic mail, and the Defendants shall have ten (10) days from the date of receipt of the Default Notice to cure the default by making such payment. Upon Defendants' failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiff may immediately notify the Court of Defendants' breach and failure to cure, and the parties agree that in such an event, any and all remaining installments shall be immediately due and owing as set forth in the Confession of Judgment annexed hereto as Exhibit B. The Confession of Judgment may only be filed by Plaintiff upon Defendants' default as set forth above and failure to cure upon service of the Default Notice.

2(c). Plaintiff and her counsel shall be solely responsible for their share of any taxes resulting from payments received under the Agreement, and in the event of an audit of Defendants by any taxing authority regarding payments to Plaintiff in this Agreement, Plaintiff shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

3. <u>Release and Covenant Not To Sue</u>: In consideration of the promises and undertakings set forth in this Agreement, Plaintiff hereby unconditionally and irrevocably releases, waives, discharges and gives up any and all Claims (as defined below) that Plaintiff has or may have against Defendants, its past and present successors, assigns, affiliated entities, and their respective past and present owners, directors, officers, agents, managers, employees,

DocuSign Envelope ID: D7EC89ED-CB6E-4989-B98E-D37965AC7391

insurers, and attorneys, included, but not limited to all named defendants in the Action (together "Defendant Releasees"). "Claims" means any past and present matters, claims, demands, causes of action, and appeals of any kind--whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law--that concern or relate to minimum wage and/or overtime pay, wage payments, failure to pay for all hours worked, failure to provide wage statements and/or wage notices, failure to keep appropriate timekeeping and payroll records, or otherwise arise out of or relate to the facts, acts, transactions, occurrence, events or omissions alleged in the Action or which could have been alleged in the Action ("Released Claims"). The Released Claims include, without limitation, claims under the Fair Labor Standards Act, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing. Nothing in this Paragraph 3 is intended to, or shall, interfere with Plaintiff's right to file a charge with, or participate in a proceeding before, any federal, state or local agency responsible for enforcing discrimination laws. Plaintiff shall not, however, be entitled to any monetary relief arising from or relating to any such charge or proceeding, regardless of how the matter was initiated.

4. **No Admission of Wrongdoing:** This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. This Agreement compromises disputed claims. This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement.

5. **Dismissal of the Litigation:** Plaintiff shall file, within seven (7) days of the Court's approval of the Agreement and receipt of the fully executed Agreement, a Stipulation of Dismissal with Prejudice (in the form of Exhibit A, attached hereto, which is incorporated to this agreement by reference) with the Court in this action. In the event that additional documentation is needed to terminate the Litigation, Plaintiff shall execute and submit all documents required to terminate such proceedings.

6. **Mutual Non-Disparagement:** The parties agree that they will not engage in any conduct that is injurious to the reputation and interests of each other, including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating or criticizing one another regarding any subject matter, including without limitation those that are relevant to the instant proceedings and the settlement of the Litigation.

7. **Response to Subpoena:** Plaintiff agrees that, in the event any of them are subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to the Defendants, her prior employment with Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, such Plaintiff, will give prompt notice of such request to Defendants and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

8. <u>Court Approval:</u> This Agreement shall not be binding without Court approval of the settlement terms.

9. <u>Modification of the Agreement:</u> This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

10. <u>Acknowledgment:</u> The parties acknowledge that they have been fully and fairly represented by counsel in this matter.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

11. <u>Notices:</u> Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing, email, or facsimile transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Steven J. Moser, Esq.
MOSER LAW FIRM, P.C.
5 East Main Street
Huntington, NY 11743
Direct 631-759-4054
Cell 516-671-2776
Fax 631-759-4054
steven.moser@moserlawfirm.com

To Defendants:

Adam C. Weiss, Esq.
The Law Firm of Adam C. Weiss, PLLC
3 School Street, Suite 303
Glen Cove, NY 11542
Telephone: (516) 277-2323
Facsimile: (516) 759-2556
adam@acweisslaw.com

12. <u>Governing Law:</u> This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

13. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal,

4

DocuSign Envelope ID: D7EC89ED-C86E-4989-B98E-D37965AC7391

void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

14. <u>Release Notification</u>:   Plaintiff acknowledges that it is her choice to waive any potential claims in return for the benefits set forth herein and that she has made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with her attorneys.

15. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 11/3/2021

*(DocuSigned by: [signature])*
**CHRISTINE D. GEOGHEGAN**

Dated: 12/29/21

*[signature: Robert Petitpain]*
ROBERT PETITPAIN, individually and on behalf of ROBSCOT REALTY INC. d/b/a BRODY McKAY'S TAVERN, PETITE REALTY CORP.

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EXHIBIT A

| CHRISTINE D. GEOGHEGAN, |
|---|
| *Plaintiff,* |
| -against- |
| ROBSCOT REALTY INC. d/b/a BRODY McKAY'S TAVERN, PETITE REALTY CORP., and ROBERT PETITPAIN, |
| *Defendants.* |

Docket No.: 18-CV-7180 (RRM)(AYS)

**STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that the Complaint and any and all claims that were or could have been asserted in this action by any party are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Dated: Huntington, New York
11/3/2021

Dated: Glen Cove, New York
12/29/21

Steven J. Moser, Esq.
MOSER LAW FIRM, P.C.
5 East Main Street
Huntington, NY 11743
Direct 631-759-4054
Fax 631-759-4054
steven.moser@moserlawfirm.com

*Attorneys for Plaintiff*

Adam C. Weiss, Esq.
The Law Firm of Adam C. Weiss, PLLC
3 School Street, Suite 303
Glen Cove, NY 11542
Telephone: (516) 277-2323
Facsimile: (516) 759-2556
adam@acweisslaw.com

*Attorneys for Defendants*

DocuSign Envelope ID: D7EC89ED-C86E-4989-898E-D37965AC7391

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK

EXHIBIT B

CHRISTINE D. GEOGHEGAN,

          *Plaintiff*,

-against-

ROBSCOT REALTY INC. d/b/a BRODY McKAY'S TAVERN, PETITE REALTY CORP., and ROBERT PETITPAIN,

          *Defendants*.

Docket No.: 18-CV-7180 (RRM)(AYS)

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )  
                              ) ss.  
COUNTY OF SUFFOLK    )

ROBERT PETITPAIN being duly sworn, deposes and says:

1. I, ROBERT PETITPAIN, have authority to sign on behalf of ROBSCOT REALTY INC. d/b/a BRODY McKAY'S TAVERN and PETITE REALTY CORP. and I am duly authorized to make this affidavit on the undersigned entity's behalf.

2. On behalf of myself individually and ROBSCOT REALTY INC. d/b/a BRODY McKAY'S TAVERN, PETITE REALTY CORP., I hereby confess judgment and authorize entry of judgment against myself and ROBSCOT REALTY INC. d/b/a BRODY McKAY'S TAVERN and PETITE REALTY CORP. in favor of Plaintiff for the sum $18,000 less any payments previously received pursuant to the terms of the Settlement Agreement and Release of Claims dated 12/29, 2021 (the "Settlement Agreement"), signed by Plaintiff and Defendants in the above-captioned proceeding.

3. This Confession of Judgment is conditioned on a debt due to Plaintiff pursuant to the Settlement Agreement in the event of Defendants' default in payment under the Settlement Agreement.

4. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment against of myself and ROBSCOT REALTY INC. d/b/a BRODY McKAY'S TAVERN and PETITE REALTY CORP., jointly and severally.

*Robert Petitpain*
ROBERT PETITPAIN, individually and on behalf of ROBSCOT REALTY INC. d/b/a BRODY McKAY'S TAVERN and PETITE REALTY CORP.

CORPORATE AND INDIVIDUAL ACKNOWLEDGMENT
OF ROBSCOT REALTY INC. d/b/a BRODY McKAY'S TAVERN AND PETITE REALTY CORP.

STATE OF NEW YORK )
                                ) ss:
COUNTY OF NASSAU )

On the 29th day of Dec, 2021, before me personally came ROBERT PETITPAIN, individually and on behalf of ROBSCOT REALTY INC. d/b/a BRODY McKAY'S TAVERN and PETITE REALTY CORP., and that he is the individual described in and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

Notary Public

ADAM C. WEISS
Notary Public, State of New York
No. 02WE6135919
Qualified in Nassau County
Commission Expires April 20, 20 22

8